Gilmore, J.
The order sought to be reversed was made under authority and in pursuance of “ an act to regulate “the practice of the delivery of fugitives from justice, when -demanded by another state or territory” (72 Ohio L. 79), which requires the fugitive, when arrested, to be taken before “ any judge of the supreme court, or any judge of the court of common pleas of this state, in whose district or jurisdiction such person so charged may be found, to be •examined on such charge;” and if, on such examination, the proof is adjudged sufficient, such judge is required to •commit, etc.
The questions sought to be made arise on the bill of exceptions, and it would be a sufficient gi’ound for oven’uliDg the motion, to say that the bill of exceptions was taken without authority of law, and, therefore, forms no part of the record before us.
A more radical question, however, arises: Is the order «ought to be reversed one that may be reviewed on petition in error in the supreme court?
The jurisdiction of this court, in proceedings in error, is prescribed by section four, title four, chapter one of the •civil code. 75 Ohio Laws, 804.
The section reads as follows : “A judgment rendered, or final order made by any court, board, or tribunal mentioned 'in the last two sections, may be l’eversed, vacated, or modified by the supreme court for errors appearing on the rec•ord; but the petition in error, in such case, except as to a judgment or final oi’der of the district court, can be filed ■only by leave of the supi’eme court or a judge thereof.”
“ The last two sections ” referred to are as follows:
“ Sec. 2. A judgment rendered, or a final order made, by .a probate coui’t, justice of the peace, or any other tribunal, board, or officer exercising judicial functions, and inferior :iu jurisdiction to the court of common pleas, may be reversed, vacated or modified by the court of common pleas.”
“ Sec. 3. A judgment rendered, or final order made by •the court of common pleas, or any superior coui’t, may be re *319 versed, vacated, or modified by the district court for errors appearing on the record.”
Most clearly the order sought to be reversed was not made by a district court, or a court of common pleas, or any superior court, or by a probate court, a justice of the peace, or any other tribunal or board, and, in our opinion, it was not made by an “ officer exercising judicial functions, and inferior in jurisdiction to the court of common pleas,” within the meaning of said section two.

Motion overruled.